Buffin', J.
With respect to the beast killed in the -evening by the mail train, which would not be driven off the track by the plaintiff’s witness, and could not be scared-off by the whistle of the engine, which, it is stated, is usually sufficient for that purpose, there was, unquestionably, no culpable negligence on the part of the servants of the company.
As to the others, the Court thinks the case was properly put to the jury; his Honor, assuming the responsibility of instructing them, that, according to onestatementof the facts, made by the witnesses for the plaintiff, there was, in law negligence, and that, according to another statement made by the witnesses for the defendant, there -was no negligence, and leaving it to the jury to say, which of those statements was the true one. When the testimony of the first witness is heard by itself, one would be impressed that the killing was not only avoidable, but was wilful and wantom But when it is *468 seen that, in truth, as is to he inferred from the verdict, the embankment was only five feet high instead of fifteen, with what is called a sand-slope, that is, a long and gradual one, down which the beasts could easily descend ; that, as soon as the cattle were seen, the whistle was sounded to put down the breaks, and also that it was continually blown as an alarm to the cattle, (ordinarily effectual;) that there was a grade of thirty feet to the mile, at the point from which the cattle were seen, to that at which they were standing; and that there was a train of fifteen cars, heavily ladened, so that, although the speed, which was at the ordinary rate, was diminished by the breaks, yet, that the train could not possibly be stopped, the features of the case become entirely changed and the negligence is disproved. It was said however, that the cattle might have been seen at a distance, which would enable the engineer to stop the engine in time, had his vision not been impeded by the smoke-stack, which is placed on the front of the engine, and that it is, in law, negligence, to use an engine with a chimney so constructed as thus to interrupt the view. But the Court thinks his Honor gave the right answer to that, which was, that the defendant was justified in using an engine of the common construction, with the smoke-stack in the usual place. The truth is, that part of the engine is necessarily in front to produce the draft, requisite to keep up the heat from the fire made at the other end, and to carry off the smoke and cinders, and the draft is made in proportion to the height of the chimney; so that upon a different construction, the cars would be untenantable, and the engine would not operate to any purpose.
The case turned entirely upon the credit of the witnesses, and the judgment must be affirmed.
Pee CuRiam, Judgment affirmed.